UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

6/1/2026
LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
DEPUTY CLERK

GWENDOLYN NACOLE YOUNG,

*Plaintiff*,

v.

VIRGINIA DEPARTMENT OF
CORRECTIONS, ET AL.,

*Defendants*.

CASE NO. 6:26-CV-00053

JUDGE NORMAN K. MOON

## SCHEDULING ORDER

Unless modified, the following deadlines will control the disposition of this case.

| | |
|---|---|
| **Submit Rule 26(f) joint discovery plan** | 21 September 2026 |
| **Initial Disclosures under Rule 26(a)(1)** | 7 October 2026 |
| **Join Additional Parties or Amend Pleadings** | 21 October 2026 |
| **Plaintiff's Expert Disclosure under Rule 26(a)(2)** | 20 November 2026 |
| **Defendant's Expert Disclosure under Rule 26(a)(2)** | 23 December 2026 |
| **Mediation or Alternative Dispute Resolution certification** | 27 January 2027 |
| **Completion of discovery** | 17 February 2027 |
| **Dispositive motions and motions to exclude experts** | 31 March 2027 |
| **Motions *in limine*[i]** | 4 June 2027 |
| **Joint Pretrial Status Report (JPSR)** | 10 days before trial |
| **Proposed jury instructions (for jury trials) or findings of fact and conclusions of law (for bench trials);[ii] witness lists; and exhibit lists** | 10 days before trial |

## CASE MANAGEMENT ORDER

### 1. Conformity with Rules

Parties must follow the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Western District of Virginia unless modified by this Order or a subsequent order.

This includes, for example, the requirement that Plaintiff(s) serve the Complaint and file proofs of service within 90 days of the Complaint being filed. *See* Fed. R. Civ. P. 4(m). Failure to comply with this deadline may result in the dismissal of Plaintiff(s)' claims.

### 2. Modifying this Order

If the parties wish to modify the deadlines in this Order, they must file a motion and attach a proposed scheduling order within **3 days** of completing the Rule 26(f) conference.  Requests for modification should only be made if: (a) the parties have preexisting conflicts with the deadlines set forth in this Order, or (b) the case is unusually complex and requires a different schedule.

Once this Order or another superseding scheduling order becomes final, the schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4).

### 3. Referrals to U.S. Magistrate Judge

Pursuant to the Court's Standing Order, all non-dispositive motions and issues are referred to the Magistrate Judge. If the parties wish to consent to the Magistrate Judge handling dispositive motions and/or trial, they must file a joint notice of consent, and the matter will be reassigned to the Magistrate Judge as the presiding judicial officer.

### 4. Scheduling Trial

At the Rule 26(f) conference, the parties should discuss jointly agreeable trial dates that are at least twenty-one (21) after the motion *in limine* deadline but no more than sixty (60) days after that deadline.

Within **one (1) week** of the Rule 26(f) conference, the parties must contact the courtroom deputy, Carmen Amos (Carmen_Amos@vawd.uscourts.gov), to schedule trial. If the parties do not contact the courtroom deputy with mutually agreeable trial dates, she may issue notices setting the trial date and the date for the final pretrial conference for times that are convenient for the Court.

### 5. Discovery

a. Discovery motions are disfavored.

b. When a discovery dispute arises, counsel and any unrepresented parties are required to participate in good faith in a meaningful meet-and-confer process before seeking court

intervention. The meet-and-confer is expected to be by telephone, video, or in person. If the parties are unable to resolve the dispute during the meet-and-confer, counsel and any unrepresented parties are directed to schedule a discovery status conference with the assigned Magistrate Judge prior to filing a discovery motion.

c.   As a rule, the Court does not stay discovery pending resolution of a motion to dismiss.  There are limited exceptions, which include: (1) a motion challenging the Court's jurisdiction, or (2) a motion invoking a defense like qualified immunity.

### 6.   Summary Judgment Motions

Every motion for summary judgment must be accompanied by a statement of undisputed facts. The moving party may include the statement of undisputed facts in the motion for summary judgment or may file a separate statement. The statement must:

(i)    List and separately number all material facts to which the moving party contends there is no genuine issue, and

(ii)   Cite the parts of the record relied upon to support the allegedly undisputed facts.

A response in opposition to a summary judgment motion must include a response to the moving party's statement of undisputed facts.  The opposing party's response to the moving party's statement of undisputed facts must either: (1) concede a fact is undisputed, or (2) explain why there is a genuine issue necessary to be litigated and cite the parts of the record relied upon to create the factual dispute.

If the opposing party does not controvert that a fact is undisputed, the Court will treat the fact as admitted.

If the parties wish to be heard on any dispositive motions or motions to exclude experts, they must contact the courtroom deputy to schedule a hearing that will take place at least **45 days before trial**.

### 7.   Mediation or ADR

By the certification deadline set forth above, the parties are required to certify that they: 1) have scheduled a mediation with the assigned Magistrate Judge that will occur at least **120 days** before trial, 2) have otherwise engaged a private mediator or another ADR process that will take place at least **120 days** before trial, or 3) they have met-and-conferred and ADR is not a viable option for resolution in the case. If the parties certify that ADR is not a viable option, they must explain the legal and/or factual issues that render ADR impracticable.

### 8.   Trial Exhibits

1.   <u>Marking of Exhibits</u>: All exhibits must be marked in advance of trial using consecutive numbers (for the plaintiff) and letters (for the defendant).

2. <u>Submission to Clerk</u>**:** the courtroom deputy will contact the parties with instructions for how to submit exhibits ahead of trial. If the parties have not received these instructions within 10 days of trial, they should contact the courtroom deputy.

3. <u>Foundation Issues</u>: Any notices of intent to contest authentication, foundation or chain-of-custody should be filed at least three (3) days before the final pretrial conference.

4. <u>Objections to Exhibits</u>: This Order does not affect the right of a party to object at the time of trial to the introduction of an exhibit other than on the basis of authentication, foundation, or chain-of-custody.

5. <u>Publication of Exhibits During Trial</u>: The Court encourages parties to use electronic projection to publish exhibits during trial in a manner that allows the jury, court, attorneys, and parties to view the exhibit simultaneously. The parties should contact the Court's courtroom deputy ahead of trial to review and inspect the courtroom's technological capabilities.

## 9.  Joint Pretrial Status Report

The parties shall jointly file a Joint Pretrial Status Report summarizing the following:

- the essential elements that a party must prove to establish any meritorious claims remaining for adjudication, and the damages or other relief sought;

- the essential elements that a party must prove to establish any meritorious defenses;

- the material facts and theories of liability or defense;

- the issues of fact contested by each party;

- any contested issues of law that do not require a ruling before trial;

- any stipulations; and

- any special *voir dire* questions.

## 10. Jury Instructions

All proposed instructions should be filed on CM/ECF and the parties should also email a WORD version to the courtroom deputy.

**11. Use of Generative Artificial Intelligence**

Consistent with Rule 11(b) of the Federal Rules of Civil Procedure, and the certifications required thereunder, any party, whether appearing *pro se* or through counsel, who utilizes any generative artificial intelligence (AI) tool in the preparation of any documents filed with the Court must disclose that AI has been used. If generative AI is used in drafting of any documents filed with the Court, the party must further certify in the filing that it has independently reviewed and verified the accuracy of any portion of the document drafted by generative AI, including all citations, quotations, and legal authority, and that the document complies with the filer's obligations under Rule 11. This rule does not apply to information gathered using AI embedded in legal search engines, such as Westlaw and LexisNexis. This rule does apply, however, to document filed before the entry of this Order.

**12. Settlement**

The parties are jointly responsible for notifying the court immediately if they reach a settlement in principle. Upon notification that a settlement has been reached, the Court will dismiss the case without prejudice and administratively close the matter. If the parties do not ratify their agreement, they may move to reopen the case. If they do ratify their agreement, they are expected to file a joint stipulation of dismissal within 60 days of ratification. The joint stipulation will dismiss the case with prejudice without any further order from the Court.

Entered this 1st day of ~~May~~ June 2026.


NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[i]  The parties must exchange their proposed witness and exhibit lists (as contemplated by Fed. R. Civ. P. 26(a)(3)) at least 14 days before the motion *in limine* deadline.

[ii]  The parties must exchange and then meet-and-confer about proposed jury instructions at least 17 days before trial. The parties should strive to agree on jury instructions, where possible, and should file any agreed instructions separately from their contested instructions.